UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MARCO ANTONIO SANCHEZ JUAREZ and JANET
GUTIERREZ, individually and on behalf of others
similarly situated,

                                                   **MEMORANDUM AND ORDER**
               Plaintiffs,                                 15-CV-5081 (RRM) (JO)

    - against -

156-40 GRILL LLC d/b/a TAVERNA GREEK GRILL,
EVANGELOS POLLATOS, MARIA KARRAS-
POLLATOS, MICHAEL SIDERAKIS, and
KONSTANTINOS SIKLAS,

              Defendants.
---------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Restaurant workers Marco Antonio Sanchez Juarez and Janet Gutierrez, individually and on behalf of others similarly situated, filed this action alleging wage-and-hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"). (Compl. (Doc. No. 1).) Defendants Maria Karras-Pollatos, *pro se*, and Michael Siderakis and Konstantinos Siklas (together, "Moving Defendants") moved for summary judgment, alleging they are not "employers" as required to establish liability under the FLSA or NYLL. (Karras-Pollatos Mot. for Summ. J. (Doc. No. 51);[1] Siderakis and Siklas (together "S&S") Mot. for Summ. J. (Doc. Nos. 60, 62).)

## LEGAL STANDARDS

      Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute

---

[1] The motion, submitted *pro se* in the form of an affirmation, is also treated by the parties as Karras-Pollatos's Local Rule 56.1 statement.

and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To determine whether a party is an "employer" under the FLSA, this Court must apply the "economic reality" test and consider such factors as whether the alleged employer, *inter alia*, had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, set the rate and method of pay, and maintained employment records. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003). The definition of employer is a flexible concept based on a review of the totality of the circumstances, and no one factor is dispositive. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008). "Similarly, under the NYLL, 'the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results.'" *Meyer v. U.S. Tennis Ass'n*, 607 F. App'x 121, 122 (2d Cir. 2015) (quoting *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003)); *see also Chen v. DG&S NY, Inc.*, No. 14-CV-3435 (LDH) (RLM), 2016 WL 5678543, at *2 (E.D.N.Y. Sept. 29, 2016) (applying the "economic reality" test for both FLSA and NYLL purposes).

## DISCUSSION

The Moving Defendants fall far short of showing that there are no genuine issues of fact material to the economic reality test. For example, Karras-Pollatos alleges she "had no involvement in [the restaurant's] operations" and specifically had "no authority to hire, fire, promote, schedule, or otherwise exercise control over any of the employees" (Karras-Pollatos Mot. for Summ. J. ¶¶ 5–6), but the evidence includes a sworn affidavit she filed in an earlier New York State case that flatly contradicts these claims by describing her leadership role in the

restaurant (Aff. of Karras-Pollatos (Doc. No. 54-1).).[2] The plaintiffs rely on this affidavit but also previously admitted that Karras-Pollatos did not hire employees, determine pay or hours, or supervise the restaurant day-to-day. (Pl.'s Resp. to S&S Reqs. for Admiss. (Doc. 60-1) at 2–3.) Thus, the parties contradict themselves and each other. It is impossible for the Court to conclude, on this record, that there are no genuine issues of material fact.

Siderakis and Siklas fare no better. They argue, in a single page, that the plaintiffs' complaint and affidavits, read in light of the plaintiffs' admissions, amount only to conclusory allegations.[3] (S&S Mot. for Summ. J. at 9.) Noticeably absent is any serious attempt to argue that there is no genuine issue of material fact. Indeed, Siderakis and Siklas simply ignore evidence in the record regarding their own hiring and firing authority, possession of employee records, and ownership and managerial roles – including from their own testimony and documents upon which they rely.[4] Again, the parties present conflicting facts, and as such, there are disputes regarding facts material to the economic reality test.

---

[2] Specifically, Karras-Pollatos stated in her earlier affidavit that after she entered into the lease for the restaurant and made "extensive improvements" to the property, she entered into a partnership agreement with S&S that named Siderakis as general manager and Siklas as assistant manager and gave each a one-third ownership in the restaurant. (Aff. of Karras-Pollatos ¶¶ 2–7). The restaurant opened with staff whom S&S had hired from their other establishments, but after roughly 10 days, S&S stopped coming to the restaurant and later pulled the staff they had hired. (*Id.* ¶¶ 8, 10.) Karras-Pollatos temporarily closed the restaurant, obtained loans, hired new staff, and then reopened the restaurant without the assistance of S&S. (*Id.* ¶¶ 11–13.) Karras-Pollatos submitted this affidavit in support of a New York State case she brought against S&S with respect to the same restaurant at issue here, and she verified its truth and accuracy in a deposition taken for this case. (Dep. of Karras-Pollatos (Doc. No. 54-2) at 2–3.)

[3] The Court is not aware of any controlling law, and the defendants cite none, that gives admissions pursuant to Federal Rule of Civil Procedure 36 the preclusive effect of foreclosing genuine disputes of material fact as a matter of law, particularly where, as here, the relying party not only had notice of contradictory evidence in the record, but actually relied on such documents.

[4] For example, Siderakis himself testified that he sent employees to the restaurant, implying he had hiring authority. (Dep. of Siderakis (Doc. No. 61) at 54.) Non-moving defendant Pollatos's testimony specifies that plaintiff Sanchez Juarez was "brought" by Siderakis "along with some other people" and that payroll records are in the possession of Siderakis's accountant. (Dep. of Pollatos (Doc. No. 61) at 57, 59.) S&S also rely on Karras-Pollatos's earlier affidavit (*supra* at 3, n.2) in their responses to her Local Rule 56.1 statement (Doc. No. 54), notwithstanding the fact that, if credited, it calls into question S&S's own status as employers. The plaintiffs also deny that Siklas lacked the authority to fire them. (Pl.'s Resp. to S&S Reqs. for Admiss. at 5.)

## CONCLUSION

For the reasons stated herein, the motions for summary judgment filed by defendants Maria Karras-Pollatos, Michael Siderakis and Konstantinos Siklas (Doc. Nos. 51, 60) are denied. This action is re-committed to the assigned magistrate judge for all remaining pre-trial proceedings including any outstanding discovery, the preparation of a joint pre-trial order, and settlement discussions if appropriate.

SO ORDERED.

Dated: Brooklyn, New York
       March 16, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge