```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARCO ANTONIO SANCHEZ JUAREZ and
JANET GUTIERREZ, individually and on behalf
of others similarly situated,

                         Plaintiff,

            -against-

156-40 GRILL LLC., et al.,

                         Defendants.
-------------------------------------------------------------X
```

**ORDER**
15-CV-5081(CBA)(JMW)

FILED
CLERK
7/7/2021 2:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**WICKS,** Magistrate Judge:

"[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address." E.D.N.Y. Local Civ. R. 1.3(d); *English v. Azcazubi*, No. 13-CV-5074 (RRM) (LB) 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015); *See also Thornton v. Moroney*, No. 13-CV-8912 (ER) 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (finding that *pro se* litigants have a duty to inform the Court of any change of address). Here, Plaintiffs move to compel Defendant Evangelos Pollatos ("Pollatos") to update the Court as to his current residential address (DE 96). Although mail was returned as "Undeliverable" from the same address of two of the *pro se* Defendants, Mr. Pollatos and Maria Karras-Pollatos ("Karras-Pollatos"), Plaintiffs' Motion only seeks relief as to Mr. Pollatos. For the reasons that follow, the motion to compel is granted in part and denied in part, and the Court *sua sponte* addresses Ms. Karras-Pollatos' obligation to provide the Court with an updated address.

On May 13, 2021, this case was reassigned to the undersigned (DE 5/13/2021). On May 14, 2021, the Court mailed a copy of the case reassignment docket entry to the address of record for *pro se* Defendants, Evangelos Pollatos and Maria Karras-Pollatos, but the mail was returned

1

with a postal note stating, "Return To Sender. Not Deliverable As Addressed. Unable To Forward" (DE 5/14/2021, DE 5/24/2021). On May 25, 2021, the Court's *Pro Se* Office spoke with Mr. Pollatos over the telephone and Mr. Pollatos indicated that his new mailing address is P.O. Box 312 Woodbury, NY 11797 (DE 5/25/2021, DE 95). The Court sent the returned mail to this address, along with a Change of Address form. *Id.* On May 25, 2021, the Court's *Pro Se* Office left Ms. Karras-Pollatos a voicemail message, advising her that she must update her address of record (DE 5/25/2021). To date, Mr. Pollatos and Ms. Karras-Pollatos have not updated the Court with their current address as required by E.D.N.Y. Local Civ. R. 1.3(d).

Plaintiffs now move to compel *pro se* Defendant Mr. Pollatos to update the Court as to his current residential address (DE 96). Plaintiffs make a vague reference to the prior District Judge prohibiting Mr. Pollatos from using a P.O. Box address, but Plaintiffs do not cite any Order, docket entry, hearing transcript, or other reference aside from stating this assertion is based on counsel's "recollection." *Id*.

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Wilson v. Austin*, No. 11-CV-4594 (SJF) (GRB) 2013 WL 3226769, at *2 (E.D.N.Y. Jun. 25, 2013) (citing *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). When a *pro se* defendant disobeys Court orders after proper warnings, the Court may impose severe sanctions, including striking an answer and entry of default judgment. *Sony BMG Music Entertainment v. Thurmond*, No. 06-CV-1230 (DGT) 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009).

Accordingly, both Defendants Mr. Pollatos and Ms. Karras-Pollatos are directed, within fourteen (14) days from the date of this Order, to provide the Court, in writing, with an address at which each can be contacted during the course of this litigation. Mr. Pollatos is cautioned that a failure to comply with this Order may result in a recommendation to the District Judge that his answer be stricken and/or a default be entered. The portion of Plaintiffs' motion seeking to prohibit Mr. Pollatos from using a P.O. Box is denied at this time.

Plaintiffs are directed to mail copies of this Order to both Mr. Pollatos and Ms. Karras-Pollatos at their last known addresses and to the P.O. Box address (P.O. Box 312 Woodbury, NY 11797), and to file proof of such service with the Court.

Dated: Central Islip, New York
July 7, 2021

**S O  O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge