UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCO ANTONIO SANCHEZ JUAREZ and
JANET GUTIERREZ
*Individually and on behalf of others similarly situated*,

                    Plaintiffs,

                                                                       **ORDER**
     v.                                                    15-CV-5081 (CBA) (LGD)

156-40 GRILL LLC d/b/a TAVERNA GREEK
GRILL, EVANGELOS POLLATOS, MARIA
KARRAS-POLLATOS, MICHAEL
SIDERAKIS, and KONSTANTINOS SIKLAS,

                    Defendants.
-----------------------------------------------------------------X

**LEE G. DUNST,** Magistrate Judge:

      The judges of the Eastern and Southern Districts of New York are extremely familiar with the work of the attorneys of Troy Law LLC ("Troy Law"). With offices in Flushing, New York, this law firm holds itself out as "the premier employment litigation firm in the nation" and represents that it is "handling more than 300 cases in federal and state courts across the nation." Troy Law, https://troypllc.com/en/home/ (last visited May 29, 2024). Three attorneys in particular — John Troy, Tiffany Troy, and Aaron Schweitzer — routinely appear on behalf of this law firm in federal court. *See* Troy Law, https://troypllc.com/en/team-2/ (last visited May 29, 2024). However, questionable conduct by the Troy Law attorneys has not escaped the attention of numerous judges who "'have raised troubling concerns about the Troy Law Firm's performance' in other cases in the Eastern and Southern Districts of New York." *Zhuang v. Lucky Nail Spa Inc.*, No. 21-CV-6658 (JMA) (LGD), 2024 WL 187124, at *1 (E.D.N.Y. Jan. 17, 2024) (quoting *Leong v. Laundry Depot, LLC*, No. 19-CV-3545, 2023 WL 6226415, at *8 (E.D.N.Y. Sept. 26, 2023) (collecting cases)). For example, this law firm routinely files

1

improper attorney fee applications seeking excessive billable rates for Mr. Troy, Ms. Troy, and Mr. Schweitzer for excessive hours purportedly worked, and the courts routinely reduce the amount of these awards as a result. *See, e.g.*, *ShiMing Chen et al. v. Hunan Manor Enter., Inc. et al.*, No. 17 CV-802, 2024 WL 2140119, at *5 (S.D.N.Y. May 14, 2024) ("As to the rates appropriate for Troy Law in this case, courts in the Southern and Eastern Districts have recognized that Troy Law's requested rates significantly exceed those rates normally commanded in wage-and-hour suits. . . . [a]nd courts have balked at the sort of rates requested in this case.") (internal citations and quotations omitted); *Feng v. Kelai Corp.*, No. 18-CV-12329, 2024 WL 1348654, at *22 (S.D.N.Y. Mar. 29, 2024) ("What Mr. Troy does not reveal, however, is that courts in the Southern and Eastern Districts repeatedly have rejected requests by his firm for the magnitude of rates sought here.").[1]

Presently before the Court is the latest improper fee application by Troy Law (including Mr. Troy, Ms. Troy, and Mr. Schweitzer) seeking a grand total of $113,968.07 for excessive rates and hours, as well costs and fees. *See* Electronic Case File Number ("ECF No.") 139. In light of the troubling history of excessive and improper Troy Law fee applications that have been slashed time and again by many judges, "[i]t is clear to the Court that '[w]hat we've got here is failure to communicate.'" *New Falls Corp. v. Soni*, No. 16-CV-6805 (HG) (LGD), 2022 WL 17811448, at *10 (E.D.N.Y. Dec. 19, 2022) (quoting *Spoerer v. Kroger Specialty Pharmacy, LLC*, No. 19-CV-1216, 2020 WL 1451711 (M.D. Fla. Mar. 25, 2020)); *see AFI's 100 YEARS . . .*

---

[1] For example, since the beginning of 2023, courts in the Eastern and Southern Districts of New York have ruled on at least ten motions for attorney's fees from Troy Law. In every case, courts have reduced the attorney's fee award, with some reducing the requested award by more than 70%. *See, e.g.*, *Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802, 2024 WL 2140119, at *11 (S.D.N.Y. May 14, 2024) (reducing from $379,109.50 to $109,238.25); *Wang v. XBB, Inc.*, No. 18-CV-7341, 2023 WL 2614143, at *1 (E.D.N.Y. Mar. 23, 2023), *reconsideration denied*, No. 18-CV-7341, 2024 WL 184263 (E.D.N.Y. Jan. 17, 2024) (reducing from $81,929.50 to $20,856); *De La Cruz Rosas v. Just Salad 60 Third LLC*, No. 18-CV-7342, 2023 WL 5423982, at *14 (S.D.N.Y. Aug. 4, 2023), *report and recommendation adopted sub nom. Rosas v. Just Salad 600 Third LLC*, No. 18-CV-7342, 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023) (reducing from $269,392.33 to $38,263.28).

*100 MOVIE QUOTES*, AM. FILM INST., https://www.afi.com/afis-100-years-100-movie-quotes/ (last visited May 29, 2024) (quote from the 1967 film *Cool Hand Luke*).  It is incumbent on this Court to require accountability by the attorneys of Troy Law in its representations to the judges of the Eastern and Southern Districts of New York and therefore shall exercise its "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . [and as] a reasonable response to the problems and needs confronting the court's fair administration of justice."  *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal citations and quotations omitted); *see generally New Falls*, 2022 WL 17811448, at *1 (in addressing a pattern of improper filings over time, the court noted that "the more things change, the more they stay the same" and "[t]hose who cannot remember the past are condemned to repeat it") (internal citations and quotations omitted).

In light of the numerous defects in this latest fee application filing by Troy Law, the Court grants the fee application but reduces it by approximately 65% for a total award of $43,302.30 in fees and costs and also *sua sponte* directs Mr. Troy, Ms. Troy, and Mr. Schweitzer to submit supplemental sworn attorney declarations to the Court as detailed herein.

I.     **BACKGROUND**

    A.     **Relevant Factual and Procedural Background**

On August 31, 2015, Plaintiffs Marco Antonio Sanchez Juarez and Janet Gutierrez filed their complaint against the Defendants[2] alleging widespread violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including unpaid minimum wages and unpaid overtime wages.  *See generally* ECF No. 1 ("Compl.").  On May 16, 2022,

---

[2] Originally, the Defendants in this action were 156-40 Grill LLC d/b/a Taverna Greek Grill, Greek Grill Crossbay Corp d/b/a Taverna Greek Grill, Evangelos Pollatos, Maria Karras-Pollatos, Michael Siderakis, and Konstantinos Siklas.  *See generally* Compl.  On stipulation, the action was discontinued against Defendant Taverna Greek Grill.  *See* ECF No. 24.

3

District Judge Carol Bagley Amon conducted a two-day bench trial to determine each Defendant's liability under the FLSA and NYLL. *See* May 16, 2022 and May 17, 2022 Orders. The only attorney from Troy Law who officially appeared at trial was Mr. Schweitzer. *See* ECF No. 117-1-2 (trial transcripts). Subsequently, Judge Amon then ordered post-trial briefing on proposed findings of fact and conclusions of law. *See* May 17, 2022 Order. On March 31, 2023, after the parties submitted their briefing (ECF No. 117, Plaintiffs' Proposed Findings of Fact; ECF No. 119, Defendants Michael Siderakis's and Konstantinos Siklas's Proposed Findings of Fact; ECF No. 120, Defendants Maria Karras-Pollatos's and Evangelos Pollatos's Proposed Findings of Fact), Judge Amon issued post-trial findings of fact and conclusions of law, concluding that Plaintiffs had proven by a preponderance of the evidence that Defendants were "employers" for the purposes of the FLSA and NYLL. *See* ECF No. 124. Judge Amon then ordered the parties to participate in a settlement conference with the undersigned. *See* March 31, 2023 Order.

On June 7, 2023, the undersigned held an unsuccessful settlement conference, but, while noting that "[s]ettlement discussions [are] continuing," ordered an update on settlement discussions by June 28, 2023. *See* June 7, 2023 Order, ECF No. 133. On June 26, 2023, the parties reported to the undersigned that they were "too far apart and unlikely to settle" and requested that Judge Amon "rule on the damages at the Court's earliest convenience." ECF No. 134; June 27, 2023 Order.

On November 28, 2023, Judge Amon issued a decision on damages. *See* ECF No. 136. Judge Amon awarded Plaintiff Sanchez damages totaling $168,962.04 (consisting of $84,481.02 in unpaid wages and $84,481.02 in liquidated damages) and awarded Plaintiff Gutierrez $22,312.22 (consisting of $11,156.11 in unpaid wages and $11,156.11 in liquidated damages).

4

*See id.* at 16.  After calculating pre-judgment interest, Plaintiff Sanchez's award was set at $247,137.03 and Plaintiff Gutierrez's award was set at $32,913.47.[3]  *See* ECF 137.  Judge Amon also ordered Plaintiffs to file their motion for attorney's fees within thirty days of the November 28, 2023 Order.  *See* November 28, 2023 Order.

### B.     Plaintiffs' Attorney's Fees Motion

On December 28, 2023, Plaintiffs filed their Motion (ECF No. 139) with supporting affidavits, declarations, and evidence (ECF No. 140) and a Memorandum of Law (ECF No. 141 ("Pl. Mem.")).  On January 2, 2024, Judge Amon ordered Defendants to respond to the Motion within thirty days and referred the Motion to the undersigned for a Report and Recommendation.  *See* January 2, 2024 Order.  On January 29, 2024, Judge Amon referred the Motion to the undersigned for a decision.  *See* January 29, 2024 Order.  Defendants did not respond to Plaintiffs' Motion.

Troy Law requests a grand total of $113,968.07—$110,239.50 in attorney's fees and $3,728.57 in litigation costs.  *See* ECF No. 140 at ¶ 87 ("Troy Decl.").  Troy Law seeks attorney's fees for worked performed by three attorneys and four clerks as follows: John Troy, Managing Attorney; Aaron Schweitzer, Managing Associate; George Byun, Managing Associate; Tiffany Troy, Clerk/Translator; Preethi Kilaru, Managing Clerk; William Lou, Clerk, and Gavin Das, Clerk.  *See id.* ¶¶ 29, 46, 59, 73, 77, 82, 84; ECF No. 140-1 ("Legal Invoices"). In support of its request, Troy Law provides the credentials of each person and the requested hourly rates:

- John Troy is a 1985 LLM graduate of Dickinson School of Law.  He was admitted to practice law in New York in 1989.  He seeks an hourly rate of $650.00 for 85.63 hours for his legal work and $300.00 for 3 hours for his time travelling and performing administrative tasks.  *See* Troy Decl. ¶¶ 15, 29, 85.

---

[3] Defendant Michael Siderakis filed a Notice of Appeal on December 7, 2023.  *See* ECF No. 138.

- Aaron Schweitzer graduated from the Fordham University School of Law in 2016. He was admitted to practice law in New Jersey in 2017 and in New York in 2018. He seeks an hourly rate of $400.00 for 76.61 hours for his legal work and $200.00 for 3.25 hours for his time travelling and performing administrative tasks. *See id.* ¶¶ 31-32, 46, 85.

- George Byun graduated from the Benjamin N. Cardozo School of Law in 2015. He was admitted to practice law in New York in 2015. He seeks an hourly rate of $350.00 for 19.95 hours for his legal work. *See id.* ¶¶ 48, 59, 85.

- Tiffany Troy graduated from the Fordham University School of Law. She was admitted to practice law in New York in 2021. She seeks an hourly rate of $200.00 for 29.22 hours for her work. *See id.* ¶¶ 60-61, 73, 85.

- Preethi Kilaru graduated with her LLM from Southern Methodist University Dedman School of Law in 2017. She seeks an hourly rate of $200.00 for 9.07 hours for her non-legal work. *See id.* ¶¶ 74, 77, 85.

- William Lou graduated from Northwestern University Pritzker School of Law in 2016. Mr. Lou was admitted to practice in New York in 2019. He seeks an hourly rate of $200.00 for 31.47 hours for his pre-admission work. *See id.* ¶¶ 78-79, 82, 85.

- Gavin Dass recently graduated CUNY John Jay College of Criminal Justice. He seeks an hourly rate of $150.00 for 9.67 hours for his non-legal legal work. *See id.* ¶¶ 83-85.

In total, Troy Law seeks fees for 267.87 hours worked on this case. *See id.* ¶ 85.

Additionally, Troy Law seeks litigation costs and out-of-pocket expenses including, the fees for service of process, deposition transcripts, court reporting, travelling expenses, and an interpreter during trial, in the amount of $3,728.57. *See id.* ¶ 86; ECF Nos. 140-2-10.

## II.  LEGAL STANDARD

"In the United States, parties are ordinarily required to bear their own attorney's fees" unless Congress has authorized the award of attorney's fees in a statute. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 602 (2001). Under the FLSA, "[t]he court in such action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which

the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." N.Y. Lab Law § 198(1-a).

Where a party is entitled to fees, such an amount of fees still must be reasonable. *See Gao v. Jian Song Shi*, No. 18-CV-2708, 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) ("In evaluating requests for attorney's fees, Courts seek to determine the presumptively reasonable fee.") (internal quotations omitted), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, No. 18-CV-2708, 2021 WL 1946322 (E.D.N.Y. May 15, 2021). In determining the reasonableness of a fee award, courts have "broad discretion." *Ivic v. Advance Stores Co.*, No. 19-CV-509, 2023 WL 6385706, at *2 (E.D.N.Y. Sept. 29, 2023) (quoting *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011)). Courts generally use "the lodestar method—[taking] the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 617 (E.D.N.Y. 2017) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To determine the reasonable hourly rate, courts generally use the prevailing rates used in their District. *See Power Up Lending Grp., LTD. v. Cardinal Energy Grp., Inc.*, No. 16-CV-1545, 2023 WL 7001360, at *4 (E.D.N.Y. Aug. 18, 2023) ("To determine whether an hourly rate is reasonable, 'a district court should generally use the prevailing hourly rates in the district where it sits.'" (quoting *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013))). Additionally, courts also use factors such as "the labor and skill required, the difficulty of the legal questions, the attorney's customary rate, the amount at stake, and awards in similar cases." *Nimkoff v. Drabinsky*, No. 17-CV-4458, 2020 WL 3806146, at *8 (E.D.N.Y. June 9, 2020), *report and recommendation adopted*, No. 17-CV-4458, 2020 WL 3804458 (E.D.N.Y.

7

July 7, 2020).

To determine the reasonable number of hours, the party seeking the award "bears the burden to document the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Ivic*, 2023 WL 6385706, at *2 (internal quotations and citations omitted). Furthermore, it is the plaintiff's burden to demonstrate the reasonableness of the attorney's fees it seeks. *Power Up Lending Grp.*, 2023 WL 7001360, at *4 ("[P]laintiff retains the burden of demonstrating the reasonability of such fees.").

### III. DISCUSSION

Here, Troy Law seeks an award of $113,968.07—$110,239.50 in attorney's fees and $3,728.57 in litigation costs. *See* Troy Decl. ¶ 87. In support of its Motion, Troy Law submits the credentials of each person who billed hours, examples of other courts awarding similar rates (*see generally id.*), the Legal Invoice for the case (ECF No. 140-1), various receipts and affidavits of service in support of its request for litigation costs (ECF Nos. 140-2-10), and a Memorandum of Law (*see* ECF No. 141). For the reasons stated below, the Court grants Troy Law's Motion for attorney's fees and litigation costs, but with significantly reduced rates and reduced hours.

#### A. Reasonableness of Hourly Rates

Troy Law seeks the following rates for the following people: John Troy with a rate of $650.00 per hour for legal work and $300.00 per hour for travelling and other administrative tasks; Aaron Schweitzer with a rate of $400.00 per hour for legal work and $200.00 per hour for travelling and other administrative tasks; George Byun with a rate of $350.00 per hour for legal work; Tiffany Troy with a rate of $200.00 per hour; Preethi Kilaru with a rate of $200.00 per hour; William Lou with a rate of $200.00 per hour; and Gavin Das with a rate of $150.00 per

8

hour.  *See* Troy Decl. ¶¶ 29, 46, 59, 73, 77, 82, 84; ECF No. 140-1, Legal Invoices.  The Court finds that all these rates are unreasonable.

The prevailing hourly rates for FLSA cases within this district typically span from "$300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for support staff."  *See Gao v. Jian Song Shi*, No. 18-CV-2708, 2021 WL 1949275, at *18 (E.D.N.Y. Apr. 30, 2021), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, No. 18-CV-2708, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *see also Zang v. Daxi Sichuan, Inc.*, No. 18-CV-6910, 2023 WL 2305934, at *4 (E.D.N.Y. Mar. 1, 2023) (adjusting rates in FLSA case to $450 for partners, $300 for senior associates, $150 to $200 for junior associates, and $150 for support staff); *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848, 2022 WL 4646866, at *14 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, No. 20-CV-3848, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022) (similar rates).  Thus, the rates sought by Troy Law in this matter stand at the uppermost limit or surpass the customary rates granted in FLSA cases in this District.

Furthermore, judges within this District have consistently discounted Troy Law's requested hourly rates for the same attorneys and support staff who appear in this case.  *See, e.g.*, *Wang v. XBB, Inc.*, No. 18-CV-7341, 2023 WL 2614143, at *4 (E.D.N.Y. Mar. 23, 2023), *reconsideration denied*, No. 18-CV-7341, 2024 WL 184263 (E.D.N.Y. Jan. 17, 2024) (reducing Mr. Troy's rate from $650 to $400, Mr. Schweitzer's rate to $200, and Ms. Kilaru's rate to $75 following a two-day bench trial); *Zang*, 2023 WL 2305934, at *4 (reducing Mr. Troy's rate from $450 to $350, Mr. Schweitzer's rate from $300 to $150, Ms. Troy's rate from $150 to $100, and Ms. Kilaru's rate from $150 to $75); *Chen v. Marvel Food Servs. LLC*, No. 15-CV-6206, 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022) (reducing Mr. Troy's rate from $650 to $450 and

9

Mr. Schweitzer's rate from $400 to $300 because such rates were "unsupported and higher than the rates commonly awarded to attorneys of their experience in FLSA cases"). As evidenced by this ample caselaw, Troy Law is no stranger to the rates typically awarded to them, and thus, the Court finds that their requests for rates rejected as recently as last year troubling. In fact, Troy Law has consistently been admonished for their unreasonable rates by multiple judges, and Troy Law still does not seem to get the hint. *See, e.g.*, *Garcia v. Francis Gen. Constr. Inc.*, No. 20-CV-4323, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022) ("A treatise worth of case law has emerged about the rates and hours that Troy Law has requested. And courts have balked at the sort of rates requested in this case."); *Panora v. Deenora Corp.*, No. 19-CV-7267, 2021 WL 5712119, at *6 (E.D.N.Y. Dec. 2, 2021) ("Troy Law's tarnished history compels the Court to scrutinize its fee applications in this or any other case with special care. It also makes more egregious any repetition of the same criticism that Troy Law has received in other cases.").

1. <u>John Troy</u>

Having reviewed the cases cited by Mr. Troy where he received higher rates and considering this Court's review of recent cases within the District, the Court deems Mr. Troy's request for $650.00 per hour to be unreasonable. For example, Mr. Troy cites only two cases where he actually was awarded over $600.00 per hour. *See Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County, Feb. 27, 2023, oral ruling awarding $650 per hour); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc. et al* (New York State, New York County, Apr. 27, 2022 Oral Order awarding $600 per hour). *See* Troy Decl. ¶ 28. However, these were oral rulings, which the Court is thus unable to properly assess the reason for the high rates, and, nonetheless, are from state court and not binding. Additionally, Mr. Troy cites six cases from the Southern District of New York, that awarded rates ranging from $400.00 to $550.00, one case from the District of New Jersey, which awarded $550.00, and one

10

arbitration award that awarded $500.00. *See id.* The one case Mr. Troy cites from this District is *Junjiang Ji et al v. Jling, Inc. et al*, 15-cv-4194 (SIL) (E.D.N.Y. Mar. 2, 2023), which he cites for being awarded an hourly rate of $550.00. While it is true that Mr. Troy was awarded $550.00 in that case involving a successful two-day bench trial, not surprisingly however, his original request in that case was for $650.00, which was denied. *See id.*, ECF No. 140 at 8.

Significantly, Mr. Troy presents no compelling explanation or any supporting evidence why he should be awarded a rate exceeding all the federal cases he cites. He suggests that because the rates from five years ago were "$300–$450 per hour for partners, $200–300 per hour for senior associates, and $100–200 per hour for junior associates," they should increase because the minimum wage increased in New York State from $8.00 per hour to $15.00 over that same time period. Pl. Mem. at 3-4. However, the Court only has to go back to March of 2023 when Mr. Troy was awarded an hourly rate of $400.00. *See Wang*, 2023 WL 2614143, at *4 (reducing Mr. Troy's rate from $650 to $400). Furthermore, the court in *Wang* rejected the same minimum wage argument that is floated here:

> His [Mr. Troy's] only explanation for this steep increase is that "just as New York State minimum wage has increased from $8.00 to $15.00 for New York City employers with ten or more employees (an 87.5% increase) over the past five years, the prevailing market rates and caps for partners/associates representing clients in wage-and-hour case in the Second Circuit has increased as well."[4] (Plaintiff's Mem. Law Supp. Mot. Attorneys' Fees & Costs ("Pl. Mem."), Dkt. 60, at 4.). The Court rejects Troy's suggestion that there has been an increase in the prevailing rates for experienced wage-and-hour attorneys since the end of 2018, which is when the minimum wage for New York City—not New York State—was raised to $15. . . . Troy cites only to a decision from this District in *Sajvin v. Singh Farm Corp.* in support of this proposition, a case in which the partner received a $500 hourly rate, and the associate received a $250 hourly rate. . . . However, the Court in *Singh Farm Corp.* explained that the partner in that particular case—who was not Troy— should receive $500 per hour because of his "experience, expertise and reputation in this District." *See Sajvin v. Singh Farm Corp.*, No. 17-CV-4032 (AMD) (RER), 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018), *report and recommendation*

---

[4] Astonishingly, the quote in *Wang* from Troy's Memorandum of Law is an exact, word-for-word quote from his Memorandum of Law in this case. *Compare* Pl. Mem. at 4 *with Wang*, 2023 WL 2614143, at *4.

11

> *adopted*, 2018 WL 4211300 (E.D.N.Y. Sept. 4, 2018). As discussed further below, the Court finds that neither Troy's reputation generally, nor his firm's performance in this particular case, warrants similarly high hourly rates.

(internal citations omitted). The court in *Wang* further explained that "[i]ncreasing the minimum wage paid to the least compensated members of the workforce—so that they can attempt to earn a living wage—does not justify increasing fees to attorneys who are already well-compensated for their work and who are not struggling simply to survive. Indeed, it is almost nonsensical, if not offensive, to argue that an overdue increase in the minimum wage, which was the result of legislative action, should trigger an increase in fees for attorneys, who operate in 'a market [for rates] that is almost entirely unregulated.'" *Id.* (quoting *Ling Chen v. Asian Terrace Rest., Inc.*, 507 F. Supp. 3d 430, 435 (E.D.N.Y. 2020)).

The Court's assessment of the requested hourly rate confirms the unfortunate history of Troy Law (and Mr. Troy in particular) repeatedly requesting unreasonable rates within the District despite consistently getting rejected for making the exact same arguments. However, considering Plaintiffs' success at a two-day bench trial in this case (even though Mr. Troy did not attend those proceedings), the Court will reduce the requested rates to the higher end typically awarded in this District. Accordingly, the Court finds that an hourly rate of $400.00 for John Troy is warranted. *See Wang*, 2023 WL 2614143, at *4 (awarding $400 per hour to John Troy in an opposed motion for attorney's fees following a two-day bench trial).

2. Aaron Schweitzer

Similarly, for the reasons above, the Court finds that the requested hourly rate of $400.00 for Aaron Schweitzer is unreasonable.

There is no compelling evidence to support giving Mr. Schweitzer an hourly rate that is higher than that typically awarded. Similar to Mr. Troy, he cites only one case in this District where he was awarded $400.00 per hour. *See* Troy Decl. ¶ 45; *Junjiang Ji et al v. Jling, Inc. et*

*al*, 15-cv-4194 (SIL) (E.D.N.Y. Mar. 2, 2023).  The other cases are either outside of the District, state cases, or arbitration awards.  *See* Troy Decl. ¶ 45.  Additionally, he presents no convincing argument why he should be awarded a rate typically awarded to partners with more experience.  However, the Court will award a higher rate than what Mr. Schweitzer was recently awarded in *Wang*.  *See Wang*, 2023 WL 2614143, at *5 (awarding a rate of $200 per hour for Mr. Schweitzer).  In *Wang*, Mr. Schweitzer's last entry billed was from December 2021, which was within his first four years of practice.  *See id.*  Therefore, the Court awarded a rate on the lower end typically awarded to associates.  *See id.*  Here, however, a bulk of Mr. Schweitzer's time billed occurred after his first four years of practice, and he was the sole counsel present for the successful two-day bench trial.  *See* ECF No. 140-1, Legal Invoices, at 12-13.

Accordingly, the Court finds that an hourly rate of $300.00 for Aaron Schweitzer is warranted.  *See Chen*, 2022 WL 4226098, at *5 (awarding Mr. Schweitzer an hourly rate of $300).[5]

### 3. George Byun

The Court finds that the requested hourly rate of $350.00 for George Byun is unreasonable.  Mr. Byun was admitted to practice law in New York in 2015.  *See* Troy Decl. ¶ 48.  In this case, he billed for hours worked in 2016 and 2017, which was within his first three years of practice.  *See* ECF No. 140-1, Legal Invoices, at 4-7.  Thus, although he recently was

---

[5] Additionally, John Troy and Aaron Schweitzer seek rates and hours for their "time traveling and performing administrative tasks."  *See* Troy Decl. ¶¶ 29, 46.  "Courts in this Circuit award attorney hours spent on travel at only 50 percent of the attorney's otherwise approved rate."  *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-CV-3435, 2022 WL 2718584, at *8 (E.D.N.Y. June 7, 2022), *report and recommendation adopted*, No. 17-CV-3435, 2022 WL 2716487 (E.D.N.Y. July 13, 2022) (internal quotations omitted).  However, there is no precedent for charging partner-level rates (half or full) for administrative tasks.  *See Wang*, 2023 WL 2614143, at *7 (finding that Mr. Troy's time entries that reflect administrative tasks were "at best not appropriate for a partner to engage in").  Here, there is no delineation of the time spent travelling versus time spent performing administrative tasks, as Mr. Troy seeks 3 hours at $300.00 per hour for "Other" and Mr. Schweitzer seeks 3.25 hours at $200.00 per hour for "Other."  *See* Troy Decl. ¶ 85.  Because the Court cannot effectively evaluate these requests, the Court declines to award fees to Mr. Troy and Mr. Schweitzer at those rates and hours.

awarded an hourly rate of $350.00 in *Junjiang Ji et al v. Jling, Inc. et al*, 15-cv-4194 (E.D.N.Y. Mar. 2, 2023) because of his "experience and significant involvement in the litigation prior to the original bench trial" (*id.*, ECF No. 140 at 9), it is unreasonable here to award a rate typically awarded to more senior associates with more than four years' experience. *See Wang*, 2023 WL 2614143, at *5 (awarding junior associate $200 per hour).

Accordingly, considering all of Mr. Byun's work occurred within three years of him being admitted to the practice of law, the Court finds that an hourly rate of $150.00 for George Byun is warranted. *See Haifeng Xie v. Sakura Kai I Inc.*, No. 17-CV-7509, 2020 WL 4587473, at *2 (E.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 17-CV-7509, 2020 WL 2569406 (E.D.N.Y. May 20, 2020) (awarding Mr. Byun an hourly rate of $150).

    4.    <u>Tiffany Troy</u>

The Court finds that the requested hourly rate of $200.00 for Tiffany Troy is unreasonable. Ms. Troy was admitted to practice law in New York in 2021. *See* Troy Decl. ¶ 61. In this case, Ms. Troy billed for time worked before and after her admission, yet much of her work after 2021 was for non-legal services. *See* ECF No. 140-1, Legal Invoices, at 10-13. However, she did some legal work in preparation for the trial in 2022. *See id.* at 11-12. Therefore, she should be awarded a rate commensurate with a junior attorney and thus, the Court finds that an hourly rate of $100.00 is warranted. *See Zang*, 2023 WL 2305934, at *3 (awarding Ms. Troy an hourly rate of $100).

    5.    <u>Non-Attorney Work</u>

Finally, the Court finds that the requested hourly rates of $200.00 for Preethi Kilaru and William Lou, and $150.00 for Gavin Das are unreasonable. There is no indication that Ms. Kilaru and Mr. Das are admitted to practice law. *See* Troy Decl. ¶¶ 74-77, 83-84. Additionally, while Mr. Lou was admitted to practice in New York in 2019, all his hours billed in this case

14

occurred prior to 2019.  *See id.* ¶ 82; ECF No. 140-1, Legal Invoices, at 5-8.  Yet, keeping with their practice of requesting rates previously and consistently denied by other courts, Troy Law seeks rates typically awarded to junior associates for legal work for Ms. Kilaru, Mr. Lou, and Mr. Das.  As one court recently stated, requesting compensation for attorney-level rates for non-legal work is "is misleading, if not dishonest and unethical." *Wang*, 2023 WL 2614143, at *5 ("This is yet another troubling instance of Troy Law attempting to improperly inflate its attorneys' fees request.").

Accordingly, the Court finds that an hourly rate of $75.00 for Ms. Kilaru, Mr. Lou, and Mr. Das is warranted.

      B.      **Reasonableness of Hours Worked**

Regarding the hours worked, Troy Law seeks fees based on Mr. Troy's 85.63 hours, Mr. Schweitzer's 76.61 hours, Mr. Byun's 19.95 hours, Ms. Troy's 29.22 hours, Ms. Kilaru's 9.07 hours, Mr. Lou's 31.47 hours, and Mr. Das's 9.67 hours.  *See* Troy Decl. ¶ 85.  In total (excluding the "Other" entries, *see supra* note 5), Troy Law billed 261.62 hours to this case from May 24, 2015 to December 26, 2023.  *See* Troy Decl. ¶ 85; ECF No. 140-1, Legal Invoices.

Courts generally agree with fee applicants' requests when the amount of hours billed is reasonable.  *See Gonzales v. Trees R US Inc.*, No. 14-CV-7487, 2022 WL 3045714, at *2 (E.D.N.Y. Mar. 11, 2022) ("The Court finds no reason to disturb the purported 11.6 hours the attorneys expended in preparing the motion to enter judgment which appear reasonable."). However, when the number of hours billed is excessive, courts may make a blanket reduction. *See Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) ("[D]istrict courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work).").

15

Courts determining a reasonable number of hours billed should "exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "Similarly, when tasks done by attorneys are considered administrative or more appropriately conducted by paralegals, then the rates should be adjusted accordingly." *Bozdogan v. 23 Ludlam Fuel, Inc.*, No. 16-CV-1053, 2022 WL 17987044, at *4 (E.D.N.Y. Dec. 29, 2022). Not surprisingly based on its history of improper and excessive fee applications, Troy Law has often been the subject of such blanket reductions. *See, e.g.*, *Wang*, 2023 WL 2614143, at *7 (applying a 40% reduction); *Zang*, 2023 WL 2305934, at *8 (applying a 30% reduction); *Chen*, 2022 WL 4226098, at *5 (same).

Upon reviewing Troy Law's contemporaneous time records, this Court finds that a 40% across-the-board reduction in hours billed is appropriate for this case. Mr. Troy billed for performing several administrative tasks, including conferring with technical support regarding an error opening a file (which was billed for 1 hour), and, egregiously, mailing a postcard (which was billed for .5 hours). *See* ECF No. 140-1, Legal Invoices, at 2-3; *see also Wang*, 2023 WL 2614143, at *7 ("Although Troy is at liberty to decide how to use his time and manage his cases, the Court finds that it is not appropriate, for purposes of gauging the reasonable fee award, to assign partner-level billing rates to tasks that first- or second-year associates or, here, a non-lawyer could easily perform.") (internal quotations omitted). And, perhaps even more outrageously, despite initially charging a half-rate for travelling to the courthouse in January 2017, he switched and charged a full-rate for travelling one month later in February 2017. *See* ECF No. 140-1, Legal Invoices, at 5, 7. Additionally, the time records contain redundancies and inefficiencies, including several sets of meetings and rounds of reviewing Defendants' summary judgment motion. *See id.* at 7.

16

Applying the aforementioned reduced hourly rates and the 40% reduction in the hours billed, the Court awards attorney's fees in the total amount of $40,150.50, broken down as follows:

| Timekeeper | Reduced Hours | Reduced Hourly Rate | Total Amount |
|---|---|---|---|
| John Troy (Managing Attorney) | 51.38 | $400.00 | $20,552.00 |
| Aaron Schweitzer (Managing Associate) | 45.97 | $300.00 | $13,791.00 |
| George Byun (Managing Associate) | 11.97 | $150.00 | $1,795.50 |
| Tiffany Troy (Clerk/Translator) | 17.53 | $100.00 | $1,753.00 |
| Preethi Kilaru (Paralegal) | 5.44 | $75.00 | $408.00 |
| William Lou (Clerk) | 18.88 | $75.00 | $1,416.00 |
| Gavin Das (Clark) | 5.80 | $75.00 | $435.00 |
| | | | $40,150.50 |

C.  **Litigation Costs**

Troy Law also seeks to recover litigation costs for pursuing this action. It seeks a total of $3,728.57 for various out-of-pocket expenses including, the filing fee, fees for service of process, postage, deposition costs, and interpretation costs associated with trial. *See* Pl. Mem. at 7; Troy Decl. ¶¶ 86-87; ECF No. 140-1, Legal Invoices, at 14-15.

Under the FLSA and the NYLL, a successful plaintiff may recover reasonable litigation costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09-CV-486, 2012 WL 5305694, at *9 (E.D.N.Y. Oct. 9, 2012) ("Courts typically allow counsel to recover their reasonable out-of-pocket expenses."). Filing fees and costs for service are appropriately reimbursable as litigation costs. *See Master Grp.*

17

*Glob. Co., Ltd. v. Toner.Com Inc.*, No. 19-CV-6648, 2020 WL 5260581, at *15 (E.D.N.Y. Aug. 10, 2020), *report and recommendation adopted*, No. 19-CV-6648, 2020 WL 5259057 (E.D.N.Y. Sept. 3, 2020) (awarding costs related to the filing fee). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229, 2020 WL 1666460, at *9 (E.D.N.Y. Apr. 2, 2020). "Filing fees are recoverable without supporting documentation if verified by the docket." *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019). Process server fees, however, must be supported by documentation. *Id.*

    The filing fee of $400.00 is verified by the docket. *See* Dkt. 1. Additionally, Troy Law presents adequate documentation for most of the costs it seeks. Troy Law presents receipts and adequate documentation for the deposition transcripts (*see* ECF Nos. 140-4; 140-7), the audio equipment for translation services during the trial (*see* ECF No. 140-10), and a fee for service of process (*see* ECF No. 140-2). *See Panora v. Deenora Corp.*, No. 19-CV-7267, 2021 WL 5712119, at *9 (E.D.N.Y. Dec. 2, 2021) (awarding costs for deposition transcripts). However, the other exhibits do not show any amount associated with the requested costs. *See, e.g.*, ECF Nos. 140-3; 140-6; *see also John v. Demaio*, No. 15-CV-6094, 2016 WL 7469862, at *12 (E.D.N.Y. Sept. 29, 2016) ("[T]he Court cannot simply take the ledger that plaintiffs' counsel created at face value without any additional evidence of the costs alleged therein."), *report and recommendation adopted*, No. 15-CV-6094, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016). And, the client invoice, alone, is inadequate to support an award for litigation costs. *See, e.g.*, *Prepared Food Photos, Inc. v. Mikey's Famous Marinades Corp.*, No. 23-CV-1484, 2023 WL 4867457, at *4 (E.D.N.Y. July 31, 2023) ("Plaintiff's request for process server fees, however, lacks documentary proof outside of the client invoice submitted by Plaintiff's counsel.").

Accordingly, subtracting the amount of costs that is not supported by documentation, the Court will award $3,151.80 in costs. *See* ECF No. 140-1, Legal Invoices, at 14-15.

## IV. CONCLUSION

For the above reasons, the undersigned awards Troy Law: (i) attorney's fees in the amount of $40,150.50 and (ii) litigation costs in the amount of $3,151.80, both to be paid by Defendants. In addition, the undersigned orders all attorneys of record at Troy Law (1) to read all cases cited in this decision and submit sworn attorney declarations confirming that they have done so, (2) to submit a copy of this order to the judges in all cases in the Eastern and Southern Districts of New York where Troy Law has a fee application currently pending and submit sworn attorney declarations confirming this, and (3) to submit the aforementioned attorney declarations to the undersigned by July 3, 2024.[6]

**SO ORDERED:**

Dated:    Central Islip, New York
          June 6, 2024

                                                    s/ Lee G. Dunst

                                                    **LEE G. DUNST**
                                                    United States Magistrate Judge

---

[6] The undersigned declines to *sua sponte* impose monetary sanctions on the Troy Law attorneys for their history of filing improper fee applications, but believes that requiring them to read the cases cited herein and directing them advise other judges of this opinion is appropriate under these unique circumstances. *See, e.g., Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292 (2d Cir. 2021) (affirming non-monetary sanction of requiring attorney and his law firm to file copies of the sanction order on the docket of all of the firm's cases nationwide due to a "pattern of misconduct before many judges of the Southern District of New York and across the country, described at length in the district court's opinion"); *Perez v. Edwards*, No. 20-CV-1359, 2023 WL 5935029, at *6 (S.D.N.Y. Sept. 12, 2023) (in light of repeated non-compliance with court orders, requiring attorneys to attend continuing legal education regarding federal practice and procedure); *see also Curran v. Price*, 150 F.R.D. 85, 87 (D. Md. 1993) (requiring an attorney to file a handwritten copy of a section of a treatise because "the proper purpose of a non-monetary penalty should be to educate, especially in a case like this, where the attorney fails to grasp the issue").