UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCO ANTONIO SANCHEZ JUAREZ and
JANET GUTIERREZ,

                Plaintiffs,

  -against-

156-40 GRILL LLC d/b/a TAVERNA GREEK GRILL, EVANGELOS POLLATOS, MARIA KARRAS-POLLATOS, MICHAEL SIDERAKIS, and KONSTANTINOS SIKLAS,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5081 (CBA) (LGD)

**AMON, United States District Judge:**

Plaintiffs Marco Antonio Sanchez Juarez and Janet Gutierrez brought this action against 156-40 Grill LLC, Evangelos Pollatos, Maria Karras-Pollatos, Michael Siderakis, and Konstantinos Siklas, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF Docket Entry ("D.E.") # 1.) I held a two-day bench trial on May 16 and 17, 2022. On March 31, 2023, I issued a decision making certain post-trial findings of fact and conclusions of law. (D.E. # 124.) I found that Defendants Pollatos, Siderakis, and Siklas were joint employers and liable under FSLA and NYLL. (Id. 25-26.) On November 28, 2023, I issued a decision awarding damages totaling $168,962.04 for Sanchez and $22,312.22 for Gutierrez. (D.E. # 136.)

On December 28, 2023, Plaintiffs moved for attorney's fees (D.E. # 139 ("Fee Mot."); see also D.E. # 140 ("Troy Decl."), # 141 ("Mem.").) I referred their motion to the Honorable Lee G. Dunst, United States Magistrate Judge, for a decision. (Text Order dated January 29, 2024.) On June 6, 2024, Magistrate Judge Dunst issued his decision, granting Plaintiffs' motion in part and denying the motion in part. (D.E. # 142 ("Order").) He also sua sponte issued sanctions against Plaintiffs' counsel, Troy Law, PLLC ("Troy Law"). (Id.) Plaintiffs timely appealed Magistrate

1

Judge Dunst's decision. (D.E. # 143; see also D.E. # 143-1 ("Appeal").) For the reasons set forth below, Plaintiffs' motion is GRANTED in part.

## BACKGROUND

I assume the parties' familiarity with the underlying facts of this litigation and only include the background relevant to my consideration of Plaintiffs' instant appeal. Plaintiffs have been represented by Troy Law over the lengthy course of this litigation, including at a two-day bench trial. Following my order granting Plaintiffs recovery under New York Labor Law, Plaintiffs moved for attorney's fees under the same. NY CLS Labor § 198(1-a). They sought $110,239.50 in attorney's fees, breaking down to $55,661.67 in fees for John Troy for 85.63 hours at an hourly rate of $650; $30,664.00 in fees for Aaron Schweitzer for 76.61 hours at an hourly rate of $400; $6,981.33 in fees for George Byun at an hourly rate of $375; $13,952 in fees for three paralegals or clerks for 42.76 hours at an hourly rate of $200; $1,450.50 in fees for one clerk for 9.67 hours at an hourly rate of $150; as well as $900 for 3 hours of other time for Mr. Troy, at $300 per hour, and $650 for 3.25 hours of other time for Mr. Schweitzer at $200 per hour. (Troy Decl. ¶ 85.) Plaintiffs also sought $3,728.57 in out-of-pocket expenses. (Id. ¶ 87.) Defendants did not oppose this motion.

On June 6, 2024, Magistrate Judge Dunst issued a thorough opinion granting Plaintiffs' application in part. He found that the billing rates requested for counsel and clerks were higher than the range of rates awarded in similar cases. (Order 10-15.) He limited Mr. Troy's fees to an hourly rate of $400, which was in line with what other courts have awarded Mr. Troy in recent employment cases. (Id. 12.) He limited Mr. Schweitzer's fees to an hourly rate of $300, finding that $400 per hour was more in line with partners' billing rates, and other courts had found $300 per hour appropriate for Mr. Schweitzer's work as an associate. (Id. 13.) He reduced Mr. Byun's

2

hourly rate to $150, in line with an earlier award for similar work, because of his more junior experience. (Id. 14.) The non-attorney work was capped at $75 per hour, because the requested $150-200 per hour was more appropriate for junior attorneys. (Id. 15.) Magistrate Judge Dunst awarded $100 per hour for Tiffany Troy, who was a paralegal for some time during the case before her admission to the bar, as a combined rate for her pre-and-post admission work. (Id. 14.) Finally, because travel and administrative time is often awarded at 50% of the otherwise approved rate and because there is a dearth of precedent supporting partner-level compensation for administrative tasks, Magistrate Judge Dunst denied Messers. Troy and Schweitzer's requests for "Other" time. (Id. 13 n.5.)

Magistrate Judge Dunst also found that Troy Law's bill of 261.62 hours for this case was higher than appropriate. He imposed a 40% reduction in hours billed because, in part, Mr. Troy billed for numerous administrative tasks at the partner rate, and other lawyers submitted redundant time entries, including for the summary judgment motion. (Id. 16.) Magistrate Judge Dunst rejected some of the litigation expenses because of inadequate documentation, awarding $3,151.80 out of the sought $3,728.57. (Id. 17-19.) Finally, in light of Troy Law's history of requesting higher-than-appropriate fees, detailed at pages 1-3 and 8-12 of the Order, Magistrate Judge Dunst sua sponte ordered Troy Law to "read the cases cited" in the Order and to "advise other judges of this opinion," as a non-monetary sanction. (Id. 19 n.6.)

Plaintiffs appealed Magistrate Judge Dunst's decision in part. They challenge Magistrate Judge Dunst's imposition of sanctions as improper because it lacked a finding of bad faith and his across-the-board reduction in hours as arbitrary. (Appeal.) They do not challenge Magistrate Judge Dunst's reduction of attorneys' and clerks' hourly rates. (Id. 6.)

3

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a district court may set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). Although I referred the motion to Magistrate Judge Dunst for a decision as a non-dispositive matter, the Federal Rules of Civil Procedure classify motions for attorney's fees as dispositive. Fed. R. Civ. P. 54(d)(2)(D) ("the court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial motion") (emphasis added); see Schreiber v. Friedman, No. 15-cv-6861 (CBA) (CLP), 2022 WL 669461, at *3 (E.D.N.Y. Mar. 7, 2022). Accordingly, I will treat Magistrate Judge Dunst's Order as a report and recommendation. When deciding whether to adopt report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). Timely objections to a report and recommendation are reviewed de novo. Schreiber, 2022 WL 669461, at *3. Defendants did not oppose Plaintiffs' instant appeal.

Magistrate Judge Dunst also ordered sanctions sua sponte under the court's inherent power. Magistrate Judges are authorized to impose inherent power sanctions, see 1 Sanc. Fed. L. of Lit. Abuse § 26(B); see also In re Markus, 78 F.4th 554, 567 (2d Cir. 2023) (Bankruptcy Judges have authority to impose inherent power sanctions); Evans v. United States, 748 F. App'x 979, 986-87 (Fed. Cir. 2018) (upholding imposition of inherent power sanctions by the Court of Federal Claims), and such sanction orders may be set aside if they are "clearly erroneous to contrary to

4

law," 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).  An order is clearly erroneous if "'on the entire evidence' the court is 'left with the definite and firm conviction that a mistake has been committed.'"  Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)).  An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Weiner v. McKeefery, No. 11-cv-2254 (JFB) (AKT), 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation omitted).  Although review of a court's imposition of sanctions is limited to abuse of discretion, it is a "more exacting" review "than under the ordinary abuse-of-discretion" standard. ATSI Comms., Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009) (quotation omitted).

## DISCUSSION

### I. Inherent Power Sanctions

Plaintiffs first challenge Magistrate Judge Dunst's imposition of a non-monetary sanction in the form of an order to read the cases cited in his opinion and provide a copy of that opinion to other courts.  Magistrate Judge Dunst ordered this sanction for Troy Law's repeated requests for inflated attorney's fees without adequate support.  (See Order 3.)  He did so pursuant to his "'inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs.'"  (Id. (quoting Dietz v. Boulin, 579 U.S. 40, 45 (2016).)  "'In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay.'"  Enmon v. Prospect Cap. Corp., 675 F.3d 138, 143 (2d Cir. 2012) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999)).  "Both a finding of bad faith, and a finding that conduct is without color or for an improper purpose must be supported by a high degree of specificity in the factual

5

findings." Liebowitz v. Bandshell Artist Mgmt., 6 F.4th 267, 283 (2d Cir. 2021) (internal quotation omitted). The court must also provide specific notice of its consideration of sanctions and an opportunity to be heard before their imposition. Mickle v. Morin, 297 F.3d 114, 126 (2d Cir. 2002); Mitchell v. Lyons Prof'l Servs., 708 F.3d 463, 467 (2d Cir. 2013).

In support of his imposition of sanctions, Magistrate Judge Dunst collected numerous decisions demonstrating a pattern of courts awarding Troy Law lawyers lower fees than requested. (See Order 1-2, 8-15.) He distinguished higher awards, on the basis that they are oral rulings or fall in between the fee Troy Law sought and the fee Magistrate Judge Dunst ultimately granted. (Id. 10-11.) However, Magistrate Judge Dunst did not provide notice of his consideration of sanctions, nor did he make specific factual finding of either a lack of colorable basis or bad faith. (Appeal 11, 21; see Order.) Because Magistrate Judge Dunst did not provide notice nor identify the correct standard for imposing inherent power sanctions and did not make findings under that standard, I must reluctantly vacate his decision. Mickle, 297 F.3d at 126 ("The award of sanctions [under the court's inherent power] . . . cannot be sustained [because] there is no indication that the district court provided [the lawyer] with any sort of notice that the court was considering imposing sanctions or an opportunity to be heard before sanctions were imposed"); Sakon v. Andreo, 119 F.3d 109, 113-15 (2d Cir. 1997) (reversing sanctions order when it was unclear which source of power the district court relied on in imposing sanctions); Rossbach v. Montefiore Med. Ctr., 81 F.4th 124, 144 (2d Cir. 2023) (while bad faith may be inferred from frivolous arguments, "[a]n implicit finding [of bad faith] is not enough" to impose sanctions on a lawyer). However, I do note that the members of the Troy Law firm would be well served professionally by studying the cases noted in Magistrate Judge Dunst's opinion.

## II. Across-the-Board Reduction of Hours

Magistrate Judge Dunst first excluded the travel time Messers. Troy and Schweitzer billed for as unsupported, then imposed an across-the-board 40% reduction of hours on the remaining hours billed. (Order 13 n.5, 16.) Plaintiffs challenge Magistrate Judge Dunst's across-the board reduction of hours. They argue Magistrate Judge Dunst abused his discretion in applying a 40% across-the-board reduction because (1) he did not find "vagueness or block-billing," (2) in such cases reductions "are typically in the range of fifteen to thirty percent, not forty percent," and (3) Magistrate Judge Dunst's "reasoning for the forty percent across-the-board reduction in hours was motivated primarily by a desire to punish Troy Law's attorneys." (Appeal 24, 26.)

When awarding a reasonable attorney's fee, the district court should properly exclude "documented hours that are 'excessive, redundant, or otherwise unnecessary,'" and may reduce an award "because of 'vagueness, inconsistencies, and other deficiencies in the billing records.'" Raja v. Burns, 43 F.4th 80, 87 (2d Cir. 2022) (first quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) then quoting Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998)). A court should also account for the degree of success the lawyer had in the case to arrive at an overall reasonable fee. Id. at 87-88. To appropriately trim lawyers' requested fees to a reasonable rate, a district court had discretion to make an across-the-board reduction to the hours billed or to exclude particular entries that are improper. Id. at 87, 92-93. An across-the-board reduction is especially appropriate where "[a] review of the time sheets confirms that many entries describe clerical tasks that are not appropriately billed" at a partner's rates, including both "obviously clerical tasks, as well as entries that blend clerical tasks with legal tasks." Lilly v. City of New York, 934 F.3d 222, 234 (2d Cir. 2019). Although a court is not required to "evaluate and rule on every entry in an application" before imposing an across-the-board reduction, N.Y. State Ass'n for Retarded

7

Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983), such a reduction may be less necessary when the "the billing records are [not] so voluminous" so that the court may "identify discrete tasks . . . as clerical work . . . and specific entries . . . as vague." Raja, 43 F.4th at 89-90.

As Magistrate Judge Dunst explained, problematic entries are found especially in the billing records for Mr. Troy. (Order 16.) Some of his bills were seemingly duplicative (e.g., billing twice in one day for drafting interrogatories and requests for document production (D.E. # 140-1 ("Invoice") 3)), others were higher than a reasonable value for the task at hand (e.g., billing $650 for a routine letter to extend discovery (id. 4[1])), others were seemingly padded (e.g., billing 1.2 hours of time for research representing 0.2 plus 0.2 hours (id. 1) and billing 4 hours of time for a status conference the docket entry for which shows a half-hour conference (id. 2[2])), and others simply should not have been billed (e.g., id. 2 (billing for a call to opposing counsel who did not answer)). Additionally, Mr. Troy, the name partner of Troy Law, billed more hours on this matter than Mr. Schweitzer, despite the fact that the latter was lead trial counsel and appears to have been most active in the leadup to this case. (See Order 5-6; Troy Decl. ¶ 37.) This suggests inappropriate excessive billing. See C.L. v. N.Y. City Dept. of Edu., No. 21-CV-7094 (RA), 2022 WL 4585583 at *5 (S.D.N.Y. Sept. 29, 2022); Bhungalia Family LLC v. Agarwal, 317 F. Supp. 3d 737, 743-44 (S.D.N.Y. 2018). Although Magistrate Judge Dunst's 40% reduction on Mr. Troy's fees may have been within his discretion, see Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013)[3], on de novo review I nonetheless find that a 40% reduction is too drastic in this case

---

[1] See D.E. # 32.

[2] See Minute Entry for Status Conference held on 8/26/2015, Gutierrez et al. v. 156-40 Grill LLC et al., No. 14-cv-4532 (SLT) (MDG) (E.D.N.Y. Aug. 26, 2015) ("FTR 9:57-10:13; FTR/C 10:21-10:26").

[3] Plaintiffs' argument that Magistrate Judge Dunst's imposition of a 40% reduction was motivated by bias as seen in his imposition of sanctions is not well-taken. Plaintiffs point to no evidence of any bias or disfavor on behalf of Magistrate Judge Dunst other than a reasonable ruling against their motion for attorney's fees. Such "bald assertions provide no legitimate basis for questioning the impartiality of the experienced [magistrate] judge." Stewart v. Morgan State University, 606 F. App'x 48, 50 (4th Cir. 2015); see also Jenkins v. Saul, No. 19-cv-3-TLW, 2020 WL 4035076,

where Troy Law successfully advanced some of Plaintiffs' claims.  Raja, 43 F.4th at 86; (Appeal 24-25).  Because of the prevalence of improper billing in Mr. Troy's invoices, balanced against Plaintiffs' success in this case, I will reduce only his hours by 25%.

The invoice entries for other Troy Law lawyers are not as problematic.  Although they may justify a lower across-the-board fee reduction, they are not so voluminous to prevent specific exclusions of entries.  See Raja, 43 F.4th at 89.  Rather than an across-the-board reduction, I will not award fees for the following specific entries:

- For Mr. Schweitzer: 0.63 hours for reviewing signature pages (Invoice 9); his request for 0.83 hours for downloading, logging, and calendaring an order is reduced by 25% as excessive (id. 13);
- For Mr. Byun: 1.5 hours of travelling to a deposition will be reduced by 50% as travel time (id. 5);
- For Ms. Troy: entries totaling 0.3 hours for reviewing notices of appearance and zoom requests and entries for calendaring an order totaling 0.34 hours are reduced by 25% as excessive (id. 11, 13);
- For Ms. Kilaru: entries totaling 5.11 hours for downloading various documents (id. 8-12) are reduced by 25% as excessive;
- For Mr. Lou: 3.0 hours of travelling to and from this Court will be reduced by 50% as travel time (id. 5) 0.33 hours for preparing a laptop for a settlement conference (id. 7), and 0.17 for mailing documents (id. 8); and
- For Mr. Dass: 1.5 hours of travel time to deliver a courtesy copy will be reduced by 50% as travel time (id. 12).

Magistrate Judge Dunst made three other recommendations in his Order to which Plaintiffs did not object.  As such, they are reviewed for clear error.  Jarvis, 823 F. Supp. 2d at 623.  First, he lowered Troy Law's requested billing rates for each attorney and paralegal.  (Order 9-15.)  His reduced hourly rates were $400 for Mr. Troy, $300 for Mr. Schweitzer, $150 for Mr. Byun, $100 for Ms. Troy, and $75 for the paralegals and clerks.  (Id. 17.)  I find no clear error in Magistrate

---

at *2 (D.S.C. July 17, 2020) (plaintiff argued "in a cursory fashion[] that the Magistrate Judge is biased against him. After careful consideration, the Court finds there is no evidence in the record to show bias on behalf of the Magistrate Judge other than bald assertions from the Plaintiff. . . The Plaintiff's disagreement with the Magistrate Judge appears to be based solely on previous decisions."); Akassy v. Kirkpatrick, No. 16-cv-2701 (LAP) (KHP), 2020 WL 8678080, at *1 n.1 (S.D.N.Y. July 16, 2020) (rejecting plaintiff's arguments for recusal because they were "either bald assertions of bias or gripes about Magistrate Judge Parker's decisions against him").

Judge Dunst's recommendation, which is well supported by caselaw awarding similar fees. (Id. 9-15 (citing, inter alia, Wang v. XBB, Inc., No. 18-cv-7341 (PKC) (ST), 2023 WL 2614143, at *4 (E.D.N.Y. Mar. 23, 2023) (reducing Mr. Troy's fees to $400) and Zang v. Daxi Sichuan, Inc., No. 18-cv-6910 (DG) (SJB), 2023 WL 2305934 (E.D.N.Y. Mar. 1, 2023)).)  Second, he denied the billings for Mr. Troy and Mr. Schweitzer's entries for "Other" tasks, totaling 6.25 hours at half of their proposed billing rates, because he did not believe it was appropriate to charge full or half partner rates for administrative tasks, and the "Other" requests do not adequately specify what the lawyers did during that time. (Order 13 n.5.)  I find no clear error on this decision either because Troy Law did not explain the reasonableness of charging $1,550 for unexplained work. Finally, Magistrate Judge Dunst granted $3,151.80 out of the $3,728.57 in litigation costs Plaintiffs sought because the remaining $576.77 were not adequately documented. (Id. 17-19.)  Because I agree that Plaintiffs did not adequately document those remaining $576.77 of claims (and that their documentation of $3,151.80 was sufficient), I will adopt Magistrate Judge Dunst's recommendation to grant $3,151.80 in costs.

Applying the above, I award attorney's fees in the total amount of $57,670, broken down as follows:

| **Timekeeper** | **Adjusted Reduced Hours** | **Reduced Hourly Rate** | **Total Amount** |
|---|---|---|---|
| John Troy (Managing Attorney) | 64.22 | $400 | $25,689.00 |
| Aaron Schweitzer (Managing Associate) | 75.77 | $300 | $22,731.00 |
| George Byun (Managing Associate) | 19.20 | $150 | $2,880.00 |
| Tiffany Troy (Clerk/Translator) | 29.06 | $100 | $2,906.00 |
| Preethi Kilaru (Paralegal) | 7.79 | $75 | $584.25 |

| William Lou (Clerk) | 29.47 | $75 | $2,210.25 |
| Gavin Dass (Clerk) | 8.92 | $75 | $669.00 |
| | | | $57,669.50 |

## CONCLUSION

Plaintiffs' appeal of Magistrate Judge Dunst's Order granting in part Plaintiffs' application for attorney's fees is GRANTED as to sanctions. The imposition of sanctions in the Order is VACATED. His Order as to attorney's fees is treated as a report and recommendation, and is ADOPTED in part. For the above reasons, I award Troy Law: (i) attorney's fees in the amount of $57,669.50 and (ii) litigation costs in the amount of $3,151.80, both to be paid by Defendants.

SO ORDERED.

Dated: November 20, 2024
Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge