UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARCO ANTONIO SANCHEZ JUAREZ and
JANET GUTIERREZ,

                Plaintiffs,

      -against-

156-40 GRILL LLC d/b/a TAVERNA GREEK
GRILL, EVANGELOS POLLATOS, MARIA
KARRAS-POLLATOS, MICHAEL
SIDERAKIS, and KONSTANTINOS SIKLAS,

                Defendants.
--------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5081 (CBA) (LGD)

**AMON, United States District Judge:**

## BACKGROUND

Plaintiffs Marco Antonio Sanchez Juarez and Janet Gutierrez brought this action against 156-40 Grill LLC, Evangelos Pollatos, Maria Karras-Pollatos, Michael Siderakis, and Konstantinos Siklas, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF Docket Entry ("D.E.") # 1.) I held a two-day bench trial on May 16 and 17, 2022. On March 31, 2023, I issued a decision making certain post-trial findings of fact and conclusions of law. (D.E. # 124.) I found that Defendants Pollatos and Siklas were joint employers and liable under FLSA and NYLL from March 24, 2013 through January 21, 2014, and that Siderakis was a joint employer with them from March 24, 2013 through September 30, 2013. (Id. 25-26.) On November 28, 2023, I issued a decision awarding damages totaling $168,962.04 for Sanchez Juarez and $22,312.22 for Gutierrez. (D.E. # 136 ("Damages M&O").)

Siderakis appealed my decisions to the Second Circuit. He argued that I made three errors by (1) finding that he was Plaintiffs' employer under FLSA and NYLL, (2) imputing to him concessions made by Pollatos and Karras-Pollatos in post-trial briefing regarding damages calculations, and (3) failing to separately calculate damages through September 2013 when he

1

ceased to be Sanchez Juarez's employer. Br. of Appellant at 2, Sanchez Juarez v. Siderakis, No. 23-7972 (2d Cir. May 13, 2024), Dkt. Entry 44.1. The Second Circuit rejected his first two claims but agreed with his third. Sanchez Juarez v. Siderakis, No. 23-7972, 2024 WL 5135383 (2d Cir. Dec. 17, 2024). Specifically, the Circuit affirmed my finding that Siderakis was Plaintiffs' joint employer through September 2013. Id. at *2-3. Next, the Circuit rejected Siderakis's argument that I "erred by imputing to him concessions regarding damages that his co-defendants, Pollatos and Karras-Pollatos, made in their post-trial briefing." Id. at *3 n.4. The Court explained that there was "no error" because "Siderakis . . . did not dispute plaintiffs' evidence of damages" and I had made my "damage calculation . . . based on the evidence adduced during the bench trial and at the hearing." Id. Lastly, the Circuit held that because I did not "specif[y] the damages incurred by Sanchez Juarez during the precise period (March-September 2013) for which Siderakis is jointly and severally liable . . . Siderakis . . . cannot comply with the judgment." Id. at *3. The Second Circuit remanded for me to "specify the damages for which Siderakis is jointly and severally liable and amend the judgment accordingly." Id.

## DISCUSSION

I first note that Siderakis raises two issues before me, both of which are foreclosed by the Second Circuit. Specifically, he requests to take further testimony from Plaintiffs on the hours they worked during the relevant period, and he challenges the assumption underlying the calculation of the damages for Plaintiffs that Sanchez Juarez worked an average of 81 hours per week during the relevant period. As the Second Circuit described it, Siderakis chose to "focus[] exclusively on the question of whether" he was an employer under FLSA and NYLL, rather than challenge Sanchez Juarez's evidence of damages. Sanchez Juarez, 2024 WL 5135383, at *3 n.4. A remand to amend judgment for a more precise disposition of damages is not an invitation, nor

2

sufficient cause, to reopen a trial in which Siderakis could and did participate. See Saint v. United States, 243 F.R.D. 50, 51-52 (E.D.N.Y. 2007) (denying motion to reopen trial when the losing party wanted to take a "second bite at the apple" by introducing new testimony she could have elicited at the first trial); CSX Transp., Inc. v. State Bd. of Equalization, 521 F.3d 1300, 1302 (11th Cir. 2008) (whether to reopen trial on remand is well within the district court's discretion). Moreover, the mandate rule and settled caselaw foreclose a reinterrogation of the methodology for calculating damages. United States v. Husband, 312 F.3d 247, 251 (7th Cir. 2002) (An appellate court "may explicitly remand certain issues exclusive of all others; but the same result may also be accomplished implicitly if the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues. . . . [T]he district court is limited to correcting that error.") (cleaned up); e.g., Jemine v. Dennis, 901 F. Supp. 2d 365, 378 (E.D.N.Y. 2012) (relying on the same methodology for calculating damages).

I now turn to what is essentially a mathematical calculation. In the Damages M&O, I used an average weekly hour model to calculate damages for Sanchez Juarez spanning over five different periods. (See Damages M&O 6.) These divisions, and the calculations of damages for the periods, were based on trial testimony that I incorporated into findings of fact. (Id. 4.) Plaintiffs propose that to calculate the damages for which Siderakis is jointly and severally liable I use the average weekly damages for the August 1, 2013 through December 30, 2013 period and cap that period at September 30, 2013. (D.E. # 148 ("Pl. Ltr.") 1-2.) I adopt this method to calculate the damages for which Siderakis is jointly and severally liable.

Below in each section are the charts as they appeared in the Damages M&O, each followed by the same chart capped at September 30, 2013, representing the portion of damages for which

3

Siderakis is jointly and severally liable.  (See Damages M&O for further details on the calculation and categorization of damages.)

<u>Unpaid Wages</u>

**Original Chart**

| Time Period | Promised Weekly Salary | Weekly Salary Paid (avg.) | Unpaid Wages Per Week | Unpaid Wages Per Period |
|---|---|---|---|---|
| March 24, 2013-April 11, 2013 | $1,000.00 | $0.00 | $1,000.00 | $2,714.29 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- | -- | -- |
| April 22, 2013-July 31, 2013 | $1,000.00 | $833.33 | $166.67 | $2,404.81 |
| August 1, 2013-December 30, 2013 | $1,000.00 | $833.33 | $166.67 | $3,619.11 |
| December 31, 2013-January 21, 2014 | $1,000.00 | $833.33 | $166.67 | $523.82 |

**Updated Chart**

| Time Period | Promised Weekly Salary | Weekly Salary Paid (avg.) | Unpaid Wages Per Week | Unpaid Wages Per Period |
|---|---|---|---|---|
| March 24, 2013-April 11, 2013 | $1,000.00 | $0.00 | $1,000.00 | $2,714.29 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- | -- | -- |
| April 22, 2013-July 31, 2013 | $1,000.00 | $833.33 | $166.67 | $2,404.81 |
| August 1, 2013-September 30, 2013 | $1,000.00 | $833.33 | $166.67 | $1,452.41 |

Total unpaid wages through September 30, 2013: $6,571.51.

Unpaid Overtime

**Original Chart**

| Time Period | Weekly Overtime Hours (Hours Worked-40) | Hourly Overtime Rate (1.5x Regular Hourly Wage) | Unpaid Overtime Per Week (Hours Worked x Overtime Rate) | Unpaid Overtime Per Period |
|---|---|---|---|---|
| March 24, 2013-April 11, 2013 | 54.5 | $37.50 | $2,043.75 | $5,547.32 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- | -- | -- |
| April 22, 2013-July 31, 2013 | 54.5 | $37.50 | $2,043.75 | $29,488.39 |
| August 1, 2013-December 30, 2013 | 41 | $37.50 | $1,537.50 | $33,385.71 |
| December 31, 2013-January 21, 2014 | 41 | $37.50 | $1,537.50 | $4,832.14 |

**Updated Chart**

| Time Period | Weekly Overtime Hours (Hours Worked-40) | Hourly Overtime Rate (1.5x Regular Hourly Wage) | Unpaid Overtime Per Week (Hours Worked x Overtime Rate) | Unpaid Overtime Per Period |
|---|---|---|---|---|
| March 24, 2013-April 11, 2013 | 54.5 | $37.50 | $2,043.75 | $5,547.32 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- | -- | -- |
| April 22, 2013-July 31, 2013 | 54.5 | $37.50 | $2,043.75 | $29,488.39 |
| August 1, 2013-September 30, 2013 | 41 | $37.50 | $1,537.50 | $13,398.21 |

Total unpaid overtime through September 30, 2013: $48,433.92.

<u>Spread of Time</u>

**Original Chart**

| Time Period | Spread of Time Shortfall Per Week | Spread of Time Shortfall Per Period |
|---|---|---|
| March 24, 2013-April 11, 2013 | $50.75 | $137.75 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- |
| April 22, 2013-July 31, 2013 | $50.75 | $732.25 |
| August 1, 2013-December 30, 2013 | $43.50 | $944.57 |
| December 31, 2013-January 21, 2014 | $48.00 | $150.86 |

**Updated Chart**

| Time Period | Spread of Time Shortfall Per Week | Spread of Time Shortfall Per Period |
|---|---|---|
| March 24, 2013-April 11, 2013 | $50.75 | $137.75 |
| April 12, 2013-April 21, 2013 (employee walkout) | -- | -- |
| April 22, 2013-July 31, 2013 | $50.75 | $732.25 |
| August 1, 2013-September 30, 2013 | $43.50 | $379.07 |

Total spread of hours damages through September 30, 2013:  $1,249.07.

Thus, the total damages through September 30, 2013 are $56,254.50.

Liquidated Damages and Interest

As discussed in the Damages M&O at 12-13, Plaintiffs are entitled to liquidated damages equal to the sum of their unpaid wages, unpaid overtime wages, and spread of hours wages, as well as prejudgment interest of 9% per annum on those wage amounts. Thus, liquidated damages for Sanchez Juarez through September 30, 2013 total to $56,254.51. Plaintiffs' suggested approach of maintaining the same midpoint date (August 22, 2013) to calculate prejudgment interest is reasonable and Siderakis does not make any arguments to the contrary. (Pl. Ltr. 2 n.1)[1]; see e.g., Ying Ying Dai v. ABNS NY Inc., 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020). Therefore, I will calculate prejudgment interest for damages arising out of Sanchez Juarez's employment through September 30, 2013 at a rate of $13.87 per day (($56,254.51*0.09)/365) through December 1, 2023, the date judgment was entered. This yields total prejudgment interest of $52,993.60.

Siderakis's total liability as relates to Sanchez Juarez, excluding any attorney's fees and post-judgment interest, is summarized as follows:

| Category | Amount |
|---|---|
| Unpaid wages, overtime wages, spread of hours wages | $56,254.51 |
| Liquidated damages | $56,254.51 |
| Prejudgment interest | $52,993.60 |
| Total | $165,502.62 |

## CONCLUSION

The Clerk of Court is directed to amend this Court's judgment dated December 1, 2023 (D.E. # 137) in accordance with this Memorandum and Order.

SO ORDERED.

Dated: March 3, 2025
      Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] Indeed, Plaintiffs note that if I calculated prejudgment interest using the midpoint of Sanchez Juarez's employment by Siderakis prejudgment interest would toll to a greater amount. (Pl. Ltr. 2 n.1.) Thus, Siderakis does not object to a calculation of prejudgment interest that lowers his total liability.