UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCO ANTONIO SANCHEZ JUAREZ,
JANET GUTIERREZ INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY
SITUATED,

                Plaintiffs,

   -against-

156-40 GRILL LLC
   d/b/a Taverna Greek Grill,
EVANGELOS POLLATOS,
MARIA KARRAS-POLLATOS,
MICHAEL SIDERAKIS, and
KONSTANTINOS SIKLAS,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
2:15-cv-05081 (CBA) (LGD)

**AMON, United States District Judge:**

      Before me now is the report and recommendation ("R&R") of the Honorable Lee G. Dunst, United States Magistrate Judge, addressing Plaintiffs' counsel, Troy Law PLLC's ("Troy Law"), motion (1) to award attorneys' fees and costs incurred defending an appeal in this case, and (2) to enter an amended judgment including the attorneys' fees I previously awarded. (ECF Docket Entry ("D.E.") # 158.)

      I assume familiarity with the procedural history of this case. In short, Plaintiffs prevailed in a suit against Defendants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (See D.E. ## 124, 136, 137, 153.) Troy Law was granted attorneys' fees in the amount of $57,669.50 and costs in the amount of $3,151.80 for their work on that suit. (See D.E. # 144.) Defendant Michael Siderakis appealed the outcome of the underlying suit, challenging both my finding that he was Plaintiffs' employer for FLSA and NYLL purposes and how I structured the damages awarded against him. (D.E. # 138.) The Second Circuit affirmed my finding on the former but partially vacated the latter. (D.E. # 145 at 10-12.) On remand, I revisited

1

my damages calculations—breaking out the damages to reflect Siderakis's liability for only the period that he was Plaintiff Marco Sanchez Juarez's employer. (D.E. # 153 at 3-7.) Plaintiffs' counsel now moves—unopposed—to recover attorneys' fees and costs incurred defending that appeal (D.E. # 155) and to amend the judgment entered on April 1, 2025 (D.E. # 154), which omitted the attorneys' fees I previously awarded on November 20, 2024 (D.E. # 144).

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Therefore, I GRANT Troy Law's motion for attorneys' fees and costs incurred both during the underlying FLSA and NYLL suit and those incurred defending the subsequent appeal. The Clerk of Court is respectfully directed to (1) amend the judgment entered on April 1, 2025 to include the $57,669.50 in attorneys' fees and $3,151.80 in costs previously awarded for the trial, (2) add $10,335.00 in attorneys' fees for the appeal consistent with this Order (for a total of $71,156.30 in fees and costs), and (3) close the case.

SO ORDERED.

Dated: December 17 2025
Brooklyn, New York

/s/ Carol Bagley Amon
Carol Bagley Amon
United States District Judge